Action of trespass to try titles to land, tried in Marion district, before Brevard1, J. The case was this : The grantee of land in question, one James Batchelor, conveyed the same to his daughter,the' plaintiff, while sole. She afterwards married Benjamin Mun-nerlyn. The defendant, Loftus M., claimed under a deed made by the plaintiff to him, after her marriage, and during her coverture, part of the land: and under another deed, the residue of the land, made by B. Munnerlyn, and James Batchelor, Jr., the son of the grantee, the wile not joining. B. Munnerlyn died about the 25th of March, 1800, and the writ in this case was sued out in August, 1803. The defendant relied also on possession, and the limitation act, and provedthat he was in possession for six or seven years, o;£ fifty or sixty acres.
WiTREiisrooN, for the defendant. Ervin, contra.
The judge, in charging the jury, informed them that the defendant could not have acquired any title to the land by the possession proved, because, by his own shewing, he claimed under void deeds of conveyance, and, therefore, must be considered as a mere oc. cupant, without any colorable title by deed. But independently of this consideration, the plaintiff could not be barred, as the limita, tion act allows seyen years to every married woman to sue for her lands, after the right of action accrues: and, although a married woman may maintain an action in her own name, during the co. verture ; yet, m this case, no right of action could have accrued to her against her husband’s grantee, or lessee, because he was enti. tied to dispose of her lands, the use of them, during his life, or at any rate, during their joint lives ; and the deed of conveyance from, him, although it could not convey the fee, did, nevertheless, convey the interest which he had in his wife’s land, and the purchaser was, by virtue thi reof, entitled to hold possession during the life of the husband ; at any rate, during the coverture ; and, therefore, no ac. tion could have been maintained by the wife, till the death of the husband, which did not happen till March, IbOO ; after which, she was entitled to seven years to bring her action.
The jury found pursuant to this direction. The motion in thi® court was for a new trial, on the ground of misdirection.
The judges all concurred in refusing the motion.